Herbert, J.,
concurring. In concurring herein, I wish to make it clear that I do not rely upon the cases of State, ex rel. Newell, v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105, and Andrews v. State, ex rel. Henry, 104 Ohio St., 384, 135 N. E., 655, cited in the majority opinion.
Had I been a member of this court at the time of the Newell case I would have concurred, not so much because of the arbitrariness of the one-million-population classification but rather because of the discrimination in favor of judicial candi *457 dates in Cuyahoga County resulting from the application of the other provisions of the statute there involved.
In the Andrews case, the court invalidated an act of the General Assembly providing for the appointment of a bonding commissioner in counties having 12 common pleas judges. At that time only Cuyahoga County had that number. Today, Hamilton County could qualify and by next year so could Franklin County. Time, therefore, has removed one of the grounds for invalidating that act passed in 1921.
In these days of rapid and tremendous population growths, I would be loathe to set judicial judgment against that of the Legislature as to future trends. If this new provision were couched in workable terms so that it could be treated as a general law for the future rather than as a special enactment for the 1958 election only, I would hesitate to call the one-million classification arbitrary.
37 Ohio Jurisprudence, 829, Section 509, states:
“Legislative enactments may be declared by the courts to be inoperative and void for uncertainty in the meaning thereof. This power may be exercised if the statute is so incomplete or so vague and indefinite that the court is unable to determine, with any reasonable degree of certainty, what the Legislature intended. ’ ’
Pertinent to the situation here is the decision of the Supreme Court of Wyoming in the case of Midwest Hotel Co. v. State Board of Equalisation (1929), 39 Wyo., 461, 273 P., 696, wherein it was held:
“1. Courts should endeavor by every rule of construction to ascertain meaning of and give effect to legislative enactments, but may not legislate.
“2. When statute has been left by lawmaking power in incomplete form, and is so indefinite and uncertain as to be incapable of enforcement, courts are obliged to declare it void, and may not add to it by judicial legislation.”
In the instant case, it is unnecessary to further belabor the defects of the new law. In my view, the controlling reason for invalidating this statute should be that it is so unfinished, indefinite and uncertain that it cannot be made operative.